IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE NIEBLA,
    Plaintiff,

vs.                       5:08cv257/RS/MD

CORRECTIONAL OFFICERS
    Defendants.

---

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. He did not file the $350.00 filing fee, and no motion for leave to proceed *in forma pauperis* has been filed. Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. Plaintiff has not attempted to proceed *in forma pauperis* in this case. However, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he

initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that a case plaintiff filed in this court in 2005 was dismissed due to plaintiff's status as a "three-striker" and his inability to proceed *in forma pauperis*. (See 3:05cv433/LAC/EMT *Niebla v. Abdul-Wasi*, dismissed on December 13, 2005). In addition, as recently as this year this court dismissed one of plaintiff's cases for the same reason. (See 3:08cv13/MCR/MD, *Niebla v. Magaha*, dismissed on January 31, 2008). Clearly, plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.* In this case, plaintiff alleges that unnamed staff at Apalachee Correctional Institution are "corrupted, cruel, harsh and malicious," and that "they enjoy harassing inmates and violating human rights." (Doc. 1 at 5). He claims that staff are going to abuse him, set him up and retaliate against him for filing this case. (Id.) He cites vague examples of harassment and humiliation on August 8 and August 10, 2008, and states that on August 12, 2008 he was forced to cut the grass with a push lawn mower in the rain as punishment. He also claims that there is a "group of organized staff that are abusing their authorities and are setting up inmates with false, written reports." (Id. at 5). Finally he claims that this type of severe or repetitive harassment and unusual punishment falls within the scope of Eighth Amendment protection. (Id. at 6). Plaintiff seeks assistance and federal protective custody from the court.

Plaintiff's allegations, even if true, do not entitle him to proceed *in forma pauperis* in this case. The majority of his allegations center around alleged verbal abuse, which does not rise to the level of a constitutional violation, much less "imminent danger of serious physical injury." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). His allegations with respect to his fear of future abuse, harassment and retaliation likewise do

not meet this threshold. Therefore, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time he files his case.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 26th day of August, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:06CV114/RS/MD*